THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

THIS DOCUMENT WAS SERVED BY FIRST-CLASS MAIL
ON ALL COUNSEL (OR PARTIES AT THEIR MOST RECENT
ADDRESS OF RECORD IN THIS ACTION ON THIS DATE:

DATED: _____

By: _____
DEPUTY CLERK (signed attst mailing)
JAN 2 1 2000

Cnt No. JS-6

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 0 2000
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JAN 21 2000
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN CHRISTOPHER MALLICK, )         CV-99-5504 LGB (Shx)
individually, and in his capacity as )
owner of DUET RESTAURANT & )
NIGHTCLUB, a California Limited )    ORDER DISMISSING PLAINTIFFS
Liability Company, d/b/a DUET )      FELIPE DARREL AND GREGORY
RESTAURANT & NIGHTCLUB, FELIPE )     LITES WITHOUT PREJUDICE.
DARREL, and GREGORY LITES, )
                           )
              Plaintiffs,  )         ORDER DENYING DEFENDANTS'
                           )         MOTION TO DISMISS.
     v.                    )
                           )
MICHAEL FEUER, MADELINE BEASTIE, THE )
CITY OF LOS ANGELES, UNKNOWN )       Docketed
OFFICERS OF THE LOS ANGELES POLICE ) Copies / NTC Sent
DEPARTMENT, UNKNOWN EMPLOYEES OF THE ) JS - 5 / JS - 6
LOS ANGELES FIRE DEPARTMENT, THE )   JS - 2 / JS - 3
SAVE WESTWOOD GROUP, and DOES 1 )    CLSD
through 10, inclusive, )
                           )
              Defendants.  )
_____ )

I.    INTRODUCTION

     Plaintiffs bring this case to "redress a pattern of racially

discriminatory harassment" against plaintiff.  (Compl. ¶ 15).  The

discriminatory treatment alleged in this complaint stems from

plaintiffs' association with African-American patrons.  (Compl. ¶

15).

JAN 2 1 2000

## II.   FACTUAL AND LEGAL BACKGROUND

Plaintiff John Mallick owns a restaurant and nightclub called Duet Restaurant & Nightclub ("Duet"), which is located at 1056 Westwood Boulevard, in the City of Los Angeles.  (Compl. ¶ 15). During October 1997, plaintiff Mallick contracted with club promoters Felipe Darrell and Gregory Lites in an effort to increase business at Duet.  (Compl. ¶ 18).  This business strategy resulted in a marked increase in African-American patrons at Duet.  (Compl. ¶ 18).

Such increase, according to plaintiffs, caused agents of the Westwood-Holmby Home Owners' Association and representatives of the Save Westwood Group to initiate several complaints.  (Compl. ¶ 19). Allegedly, agents of the Westwood-Holmby Home Owners' Association approached members of Duet's staff and made racially derogatory remarks toward Duet, its management, and its patrons.  (Compl. ¶ 20).  Furthermore, members of the Save Westwood Group began to make racially motivated complaints, protesting the presence of African-American patrons at Duet.  (Compl. ¶ 21).  These complaints, however, were not limited to the staff and employees of Duet. (Compl. ¶ 21).  Members of the Westwood-Holmby Group and Save Westwood Group complained to Los Angeles City Councilman Michael Feuer and to local law enforcement agencies.  (Compl. ¶ 21).  At that point, plaintiffs allege, all of the defendants conspired to combine their efforts for the joint purpose of removing African-American patrons from Duet by any means necessary.  (Compl. ¶ 21).

Specifically, plaintiffs allege that defendant Feuer, and his agent Madeline Beastie, deliberately undertook to deny plaintiffs the equal protection of the law by, inter alia, (1) willfully

conspiring with members of the Westwood-Holmby group and the Save

Westwood group to ensure that these two groups would file frivolous

complaints against plaintiffs so as to prevent plaintiffs from

obtaining dance permits; (2) conspiring with officers and agents of

the Los Angeles Police Department and the Los Angeles Fire

Department to ensure that plaintiffs would be unjustifiably cited

for violations of the municipal and state code; and (3) conspiring

to ensure that plaintiffs would never receive a dance permit or a

permit establishing the maximum occupancy for Duet by contacting

members of the Office of Building Safety Registration and

instructing staff members to refuse to accept applications filed on

behalf of plaintiffs.   (Compl. ¶ 22).

As to the Los Angeles Fire and Police Departments, plaintiffs

allege that they were denied the equal protection of the law because

these two defendants (1) deliberately refused to issue a maximum

occupancy number for the premise of Duet; (2) deliberately refused

to undertake any action to accurately determine the maximum

occupancy number for Duet; (3) deliberately undertook to "shut down"

or remove all patrons from Duet under the stated ground that the

premises were over-crowded; (4) deliberately set "temporary" maximum

occupancy numbers which were lower than they should have been; (5)

deliberately denied plaintiffs special permits for the raising of

occupancy limits for special events; (6) selectively enforced

municipal law and regulations; (7) deliberately obstructed

plaintiffs from resolving all issues relating to patrons dancing on

the premises; (8) cited plaintiff Mallick for failing to have dance

permits for private parties; (9) entered plaintiffs' premises

without a warrant; and (10) cited managers and employees of Duet for

1  infractions relating to dancing without a permit or exceeding the

2  maximum occupancy for the premises.   (Compl. ¶ 24, 26, 27).

3        Finally, as to defendants Westwood-Holmby Homeowner Association

4  and the Save Westwood Group, plaintiffs allege that they conspired

5  with the Police and Fire Department to deny plaintiffs of the equal

6  protection of the law by (1) making 9-1-1 calls falsely asserting

7  that Duet was overcrowded; (2) falsely making 9-1-1 calls stating

8  that patrons of Duet were acting in a noisy and obstreperous manner;

9  and (3) falsely making 9-1-1 calls stating that plaintiffs were

10  allowing dancing on the premises of Duet in an unlawful manner.

11  (Compl. ¶ 28).

12        On May 26, 1999, plaintiffs filed a complaint.   In that

13  complaint, plaintiffs seek redress for the deprivation of "rights,

14  privileges, and immunities secured to plaintiffs by the First,

15  Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment to the

16  Constitution of the United States."   (Compl. ¶ 30).

17        On June 29, 1999, defendants City of Los Angeles and Feuer

18  moved to dismiss plaintiff's complaint pursuant to  Rule 12(b)(6) of

19  the Federal Rule of Civil Procedure.   Plaintiff filed an opposition

20  on August 27, 1999.   That motion was taken under submission and is

21  addressed by this order. On October 21, 1999, defendant Westwood-

22  Holmby Home Owners Association also filed a motion to dismiss

23  pursuant to Rule 12(b)(6).   That motion was unopposed and was

24  therefore granted on November 10, 1999.

25  **III. STANDARD**

26        Rule 12(b)(6) provides for dismissal when a complaint fails to

27  state a claim upon which relief may be granted.   See Fed. R. Civ. P.

28  12(b)(6).   A complaint fails to state a cause of action if it does

4

1  not allege facts necessary to support a cognizable legal claim.  See
2  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.
3  1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34
4  (9th Cir. 1984).

5      In reviewing a Rule 12(b)(6) motion, a court must presume the
6  truth of factual allegations in the complaint and draw all
7  reasonable inferences in favor of the non-moving party.  See Parks
8  Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995);
9  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).
10 Dismissal under Rule 12(b)(6) is appropriate "only if it is clear
11 that no relief could be granted under any set of facts that could be
12 proved consistent with the allegations."  Hishon v. King & Spalding,
13 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46
14 (1957) (dismissal appropriate only where "plaintiff can prove no set
15 of facts in support of his claim which would entitle him to
16 relief")); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149,
17 1152 (9th Cir. 1989).  The issue is not whether the plaintiff will
18 ultimately prevail but whether the plaintiff is entitled to offer
19 evidence to support the plaintiff's claim.  See Usher, 828 F.2d at
20 561.

21 **IV.  ANALYSIS**

22      In their motion, defendants argue that plaintiffs Felipe
23 Darrell and Gregory Lites do not have standing to bring this cause
24 of action.  Second, defendants argue that the complaint fails to
25 state a claim for liability on behalf of the "unknown officers of
26 the Los Angeles Police Department," "unknown employees of the Los
27 Angeles Fire Department," or Madeline Beastie.  Third, defendants
28 argue that the City of Los Angeles and Michael Feuer are not liable

1    for violation of Section 1983.  Fourth, plaintiff argues that the

2    complaint fails to state a claim for conspiracy.  Finally,

3    defendants argue that the complaint should be dismissed because the

4    statute of limitation on plaintiffs' claims is expired.  The Court

5    addresses each argument seriatim.

6        **A.   STANDING**

7        Defendants argue that the complaint does not allege that

8    Darrell and Lites have suffered an "injury in fact."  As such,

9    defendants argue they lack standing before this Court.  In response,

10   plaintiffs argue that plaintiffs Darrell and Lites have suffered

11   such an injury because they have suffered a loss of over $10,000 per

12   week due to defendants actions.  That argument, however convincing,

13   is not contained in the complaint.  The complaint's only reference

14   to plaintiffs Darrell and Lites is in paragraph 18, where plaintiffs

15   allege that Duet contracted with Darrell and Lites, presumably for

16   promotional purposes.  (Compl. ¶ 19).  As such, as drafted, the

17   complaint does not confer standing on plaintiffs Darrell and Lites.

18       **B.   FAILURE TO STATE A CLAIM AS TO THE "UNKNOWN" OFFICERS AND
             MADELINE BEASTIE**

19

20            **1.   DEFICIENT ALLEGATIONS**

21       Next, defendants argue that there are no allegations of a

22   constitutional violation by the "unknown" police and fire officers

23   and Madeline Beastie.  Defendants' chief argument is that the

24   complaint fails to identify the laws that are not being applied

25   equally, or how the laws are not being applied equally.  Defendants

26   err.  The complaint, although not a model of clarity, alleges that

27   defendants discriminatorily applied the laws dealing with maximum

28   occupancy and dance permits because of plaintiffs' association with

     African-American patrons.  Those allegations are sufficient to place

defendants on notice.

### 2. QUALIFIED IMMUNITY

Defendants allege that the unknown police and fire department officers and Madeline Beastie are immune because plaintiffs failed to allege that those defendants lacked a good faith belief that the conduct engaged in was unreasonable under the circumstances and because plaintiffs failed to allege that the rights violated were clearly established.

Defendants argument fails.  Plaintiffs did allege (1) that defendant deliberately shut down plaintiffs' premises under the stated ground that the premises were over-crowded when the facilities would not appear overcrowded to a reasonable public safety official; (2) that the officers lacked probable cause or reasonable suspicion to enter plaintiff's premises; (3) that defendants required plaintiffs to have certain permits which were not required by law; (4) that both the police and fire department unreasonably delayed plaintiffs' application to increase occupancy limits.

As to defendants' second contention, plaintiff lists all the constitutional grounds for their complaint on page fifteen of the complaint.  Those grounds are sufficiently established to survive defendants' motion.  (Compl. ¶¶ 33, 34).

### C. THE CITY OF LOS ANGELES AND MICHAEL FEUER CANNOT BE LIABLE UNDER SECTION 1983

Defendants argue that the City of Los Angeles cannot be held liable because plaintiffs failed to allege facts evidencing city policy, practice, or custom to violate constitutional rights.  Once again, defendants err.  Plaintiffs' complaint is replete with statement regarding the City of Los Angeles's discriminatory

1    practices.  Specifically, however, the Court refers defendants to

2    page fifteen of the complaint, where plaintiffs allege that the City

3    "[c]onspicuously adopt[ed] a policy to subject plaintiffs to the

4    discriminatory and arbitrary denial of equal protection of the

5    laws."  (Compl. ¶ 34).

6        Defendants next argue that defendant Feuer, a City Councilman,

7    cannot be held liable because he is not a policy maker and because

8    he is entitled to qualified immunity.  As to that first contention,

9    defendants are correct.  However, plaintiffs do not allege that the

10   regulations are discriminatory on their face.  Therefore, that

11   argument does not apply.

12       What plaintiffs do argue, however, is that the laws were

13   enforced discriminatorily.  As to that charge, defendants argue that

14   Feuer is immune because he acted within the scope of his duties.

15   The complaint, however, alleges more than that.  The complaint

16   alleges that defendant Feuer, arguably a state actor, went out of

17   his way to deprive plaintiffs of their constitutional rights.  It is

18   that violation which survives defendants motion to dismiss.

19       **D.   CONSPIRACY**

20       Defendants next argue that if plaintiffs attempt to state a

21   claim for conspiracy, they have failed to do so.  Defendants'

22   argument is premised on the fact that plaintiffs have failed to

23   allege a violation of a constitutional rights.  Because the Court

24   finds that plaintiffs have alleged such a violation, defendants'

25   argument fails.

26       **E.   STATUTE OF LIMITATION**

27       Defendants lastly allege that the statute of limitation on

28   plaintiffs' claims is expired because the alleged violations started

1 | in October 1997.  As such, the one year statute of limitation

2 | applicable in this case has lapsed.

3 | However, plaintiffs have alleged a continuing course of

4 | discriminatory conduct.  As such, the complaint does state a claim

5 | which survives defendants motion to dismiss based on the statute of

6 | limitation.

7 | **V.    CONCLUSION**

8 | For the foregoing reasons, defendants' motion is granted in

9 | part and denied in part.  Accordingly, plaintiffs Darrell and Lites

10 | are DISMISSED WITHOUT PREJUDICE for lack of standing.  However, as

11 | to the remainder of defendants' motion, defendants' motion is

12 | DENIED.

13 |

14 | **IT IS SO ORDERED.**

15 | DATED: _January 19, 2000_

16 | LOURDES G. BAIRD,
     **United States District Judge**

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

9